UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY BRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV7 ERW/HEA |
| | ) | |
| CITY OF La GRANGE, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This is before the Court on Defendants City of La Grange, Dale McNelly, Jeff Curl, and Josh Davis's Motion to Dismiss Plaintiff's Petition [ECF No. 16], Defendant Julie K. Flanagan's Motion to Dismiss [ECF No. 18], and Defendant Progressive Casualty Insurance Company's Motion to Dismiss [ECF No. 8].

**Background[1]**

Plaintiff, Jerry Brandt initially filed this lawsuit in the Circuit Court of Lewis County on January 7, 2015. On February 6, 2015, Defendants City of La Grange, Dale McNelly, Jeff Curl, and Josh Davis ("La Grange Defendants") removed the Petition to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. On February 9, 2015, Defendant Progressive Casualty Insurance Company[2] ("Defendant Progressive") filed its pending Motion to Dismiss [ECF No. 8], for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil

---

[1] For purposes of these Motions to Dismiss, the Court accepts as true the facts alleged in Plaintiff's Petition.
[2] Defendant Progressive was improperly identified in Plaintiff's complaint as Progressive Insurance Company and Progressive Group Insurance Company. The correct party is Progressive Casualty Insurance Company.

Procedure ("FRCP") 12(b)(6)[3] claiming an injured party cannot proceed by direct action against an insurance company providing liability coverage for an insured who allegedly caused the harm to Plaintiff. On December 13, 2015, the La Grange Defendants filed their pending Motion to Dismiss [ECF No. 16] for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). On February 17, 2015, Defendant Julie Flanagan ("Defendant Flanagan") filed her pending Motion to Dismiss [ECF No. 18], for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6) for failure to allege facts in support of each element of a claim for negligence.

On November 11, 2014, at the intersection of Fourth Street and Poage Street in La Grange, Missouri, Defendant Flanagan made a left turn in front of oncoming traffic from a side street onto a through street, failing to stop or yield to oncoming traffic. Defendant Flanagan also failed to use a turn signal in making the left turn. Defendant Flanagan's vehicle collided with Plaintiff's vehicle.[4] Police Chief Dale McNelly investigated the accident and filed an allegedly false police report accusing Plaintiff of causing an accident without asking any questions of Plaintiff in a court of law. Chief McNelly also allegedly falsely reported the following facts:

(1) the impact of the accident was from the front of one vehicle to the front of the other vehicle when in fact the impact was from the side of one vehicle to the side of the other;

(2) the accident was on Poage Street at the intersection of 4th street when in actuality the accident was on Fourth Street, which is a through street, and Poage Street, which is a side street;

(3) the street was concrete when it was asphalt;

---

[3] Defendant Progressive does not state in its Motion to Dismiss or Memorandum in Support that it is requesting relief under FRCP 12(b)(6), however, the Court's reading of its Motion suggests this is the provision under which Defendant Progressive is requesting relief.
[4] This fact is not explicitly pled in Plaintiff's petition but can be inferred from Plaintiff's references to an accident throughout his petition.

(4) Plaintiff was at fault because of improper lane usage when Plaintiff had the right of way on a through street;

(5) Plaintiff was distracted with no evidence or proof of the statement;

(6) Defendant Flanagan did not fail to yield to oncoming traffic;

(7) Defendant Flanagan did not make an improper turn by making an illegal left turn into the path of an oncoming vehicle;

(8) Defendant Flanagan stopped to avoid an accident when she did not, in fact, stop; and

(9) Plaintiff stated Defendant Flanagan came out of nowhere.

Chief McNelly refused to issue a citation to Defendant Flanagan. Police Officer Josh Davis did not speak with Plaintiff at any time.

City Attorney Jeff Curl had knowledge of the allegedly false police reports and did not do anything to stop the filing of the false police report, conspired to use the false police report in a court of law, and did not reprimand the officers for filing the allegedly false police reports. City Attorney Curl conspired to bribe and used extortion, with Judge Fred Westhoff, in an attempt to force Plaintiff to plead guilty to an accident in which Plaintiff was not at fault, by offering to reduce the fine and not report Plaintiff's lack of insurance at the time of the accident.

According to Plaintiff, the City of La Grange refused to place a stop sign or yield sign at the end of Poage Street and refused to widen the intersection knowing the intersection is dangerous with no traffic signs. Plaintiff asserts Defendant City of La Grange knows the intersection is not thirty feet wide as required by law and knows gravel from Fourth Street washes into the intersection when it rains.

Defendant Progressive refused to pay for damages to Plaintiff's vehicle. Plaintiff brings claims against the Defendants under Missouri Revised Statutes 575.040, 575.050, 575.060,

575.080, 18 U.S.C. § 241, 5 U.S.C. § 552(a), the First Amendment, Fourth Amendment, and Fourteenth Amendment of the United States Constitution, and negligence. Plaintiff seeks both damages and equitable relief, in that he asks the Court to order a criminal investigation into the attempted bribery and extortion and an injunction against the City of La Grange and its police officers from further harassment or false charges and allegations. Defendants now seek to dismiss Plaintiff's claims.

## Standard

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## DISCUSSION

### A. *Defendants City of La Grange, McNelly, Curl, and Davis's Motion to Dismiss*

Plaintiff alleges the La Grange Defendants violated several statutes include Missouri Revised Statutes 575.040, 575.050, 575.060, 575.080, 18 U.S.C. § 241, 5 U.S.C. § 552(a), and the First Amendment, Fourth Amendment, and Fourteenth Amendment of the United States Constitution. Plaintiff also alleges the City of La Grange is negligent for failure to place traffic signs at the intersection where the accident occurred and for failure to prevent loose gravel from entering the intersection.

#### 1. Criminal Statute Claims

Plaintiff attempts to bring claims against the La Grange Defendants under six criminal statutes without civil causes of action. First, Missouri Revised Statute § 575.040 provides criminal penalties for perjury but does not provide a separate civil or private cause of action. Missouri Revised Statute § 575.050 provides criminal penalties for the crime of making a false affidavit. It also does not provide a separate civil or private cause of action. Missouri Revised Statute § 575.060 defines the crime of making a false declaration and provides for criminal penalties; it does not create a civil or private cause of action. Missouri Revised Statute § 575.080 creates the crime of making a false report, but does not create a separate civil or private cause of action. Plaintiff also asserts claims under 18 U.S.C. § 241. This statute creates a criminal offense and penalties for conspiracy to injure, oppress, threaten, or intimidate any person in the enjoyment or free exercise of a right or privilege under the United States Constitution or laws. 18 U.S.C. § 241. A statute creating a criminal offense does not create an independent civil cause of action unless it is expressly stated or the legislative intent to create such a cause of action is clearly intended. *Christy v. Petrus*, 295 S.W.2d 122, 126 (Mo. banc

1956). Plaintiff has no standing to assert a claim under these criminal statutes. Plaintiff's claims under these statutes will be dismissed with prejudice.[5]

### 2. Claim under 5 U.S.C. § 552(a)

Federal agencies are required to disclose certain information to the public under 5 U.S.C. § 552(a). Plaintiff claims the La Grange Defendants are violating this statute but does not plead any facts supporting this claim. This statute applies only to federal agencies and does not apply to state agencies, private entities, or state and local officials. *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985); *see also* 5 U.S.C. § 551 (definitions applicable to § 552); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983) (finding the statute when first proposed, included state authorities but those provisions were deleted); *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (finding there is no private right of action against an official or employee of a municipality under 5 U.S.C. § 552). Plaintiff's claims are not brought against federal agencies but rather a municipality and its employees. Plaintiff's claims brought under 5 U.S.C. § 552 will be dismissed with prejudice.

### 3. Constitutional Claims

Plaintiff alleges the La Grange Defendants violated his First, Fourth and Fourteenth Amendment rights.[6] The La Grange Defendants assert Plaintiff's claims fail to state claims upon which relief can be granted and should be dismissed.

Plaintiff's petition does not allege his claims are being asserted under 42 U.S.C. § 1983,

---

[5] Defendants also assert Plaintiff's claims arising under these statutes should be dismissed because claims against Defendants McNelly, Curl and Davis are barred by official immunity and the public duty doctrine, claims of perjury in a judicial proceeding is not a legally recognized cause of action, and claims against Defendant Curl are barred by absolute immunity. The Court need not address these arguments as Plaintiff's claims will be dismissed because these statutes are criminal statutes with no private right to bring a civil cause of action.

[6] Plaintiff asserts claims against the Defendants in their individual and official capacities.

by the Court liberally construes Plaintiff's complaint as asserting a cause of action under this statute as § 1983 provides a civil cause of action for pursuing a violation of the rights protected by the Constitution. *See Williams v. Target Stores*, 479 Fed. Appx. 26, 28 (8th Cir. 2012) (stating "Complaints, including pro se complaints, must be liberally construed."). Generally, to state a claim under § 1983, Plaintiff must show a deprivation of a right or privilege secured by the Constitution or laws of the United States and the deprivation was caused by a person acting under the color of state law. *Flaggs Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978). "Broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under § 1983." *Ellingburg v. King*, 490 F.2d 1270, 1271 (8th Cir. 1974) (citations omitted).

### i.     *First Amendment Claims*

Plaintiff claims the La Grange Defendants violated his First Amendment rights, but Plaintiff's petition fails to state any facts supporting his allegation. While pro se complaints should be construed liberally, they must still allege facts sufficient to support the claims asserted. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). A court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Estelle*, 429 U.S. at 915. (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Plaintiff did not plead any facts showing his speech has been restricted or chilled in any manner. When a plaintiff asserts no facts stating his speech was interfered with or restricted, his allegations fall short of a First Amendment violation. *Fogle v. Mo. Dep't of Mental Health*, No. 4:08CV1398 DJS, 2008 WL 5234757 at *2 (E.D.Mo. Dec. 15, 2008); *Thompson v. Adams*, 268 F.3d 609, 614 (8th 2001). Here, no facts have been pled to support a First Amendment violation. Plaintiff's First Amendment claims will be dismissed

without prejudice.

### ii. *Fourth Amendment Claims*

Plaintiff's Fourth Amendment claims against the La Grange Defendants will be dismissed for failure to state any facts beyond the mere conclusory statement his Fourth Amendment rights were violated. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. Plaintiff has failed to allege he was searched or seized. His complaint references a vehicular accident and a report of the accident being introduced into court at some point. But it is indiscernible whether Plaintiff was arrested, searched, or otherwise detained at any point in time. There are no allegations of use of excessive force either. Without a search or seizure, there can be no Fourth Amendment violation. Plaintiff's Fourth Amendment claims will be dismissed without prejudice.

### iii. *Fourteenth Amendment Claims*

Plaintiff claims the La Grange Defendants violated his Fourteenth Amendment rights. The La Grange Defendants assert Plaintiff has failed to state a claim upon which relief can be granted because he failed to allege sufficient factual allegations to support either a due process violation or a violation of Plaintiff's equal protection rights. The Fourteenth Amendment is comprised of two clauses, the Due Process Clause and the Equal Protection Clause. U.S. Const. amend. XIV. The Due Process Clause "prohibits governments from depriving 'any person of life, liberty, or property, without due process of law.'" *Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006) (quoting U.S. Const. amend XIV, § 1). The clause has two components: substantive due process and procedural due process. *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (citing *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)). "Analysis of either a procedural or substantive due process claim must begin with an examination of the interest

allegedly violated, and the possession of a protected life, liberty, or property interest is . . . a condition precedent to any due process claim." *Id.* (internal citations and quotations omitted).

It is not clear from Plaintiff's pleadings if he asserts a procedural or substantive due process claim. But whether Plaintiff is asserting a procedural or substantive due process claim does not change the outcome; Plaintiff does not allege an interest violated, the condition precedent to any due process claim. The Court, like the Defendants, cannot discern the nature of the interest in question. Defendants interpret Plaintiff's allegation as a deprivation of due process due to a false police report.[7] According to Defendants, Plaintiff's claim fails because there is no constitutional right to an accurate police report.

A falsified police report constitutes a due process violation only when it leads to an unconstitutional deprivation of life, liberty, or property; "there is no constitutional right to an accurate police report." *Harmon v. St. Louis County*, No. 4:08CV226SNLJ, 2009 WL 880024 at *3 (E.D.Mo. Mar. 30, 2009) (citing *Shock v. Tester*, 405 F.2d. 852, 855 (8th Cir. 1969); *Landrigan v. Warwick*, 628 F.2d 736, 744 (1st Cir. 1980)). In the present case, Plaintiff has failed to claim this allegedly false police report lead to an unconstitutional deprivation of life, liberty, or property. The Court, cannot, and will not, construct a legal theory for Plaintiff, even under a liberal reading of his pleadings. *Estelle*, 429 U.S. at 915. Plaintiff's complaint does not state a claim for a violation of the due process clause of the Fourteenth Amendment.

Plaintiff's complaint also fails to assert an Equal Protection Clause claim under the Fourteenth Amendment. To assert a claim under the Equal Protection Clause, Plaintiff must allege "unlawful, purposeful discrimination." *Batra v. Board of Regents of Univ. of Neb.*, 79 F.3d 717, 722 (8th Cir. 1996). Plaintiff must allege he is a member of an identified classification

---

[7] The Court will analyze Plaintiff's claim as suggested by Defendants as no other interest is discernible to the Court.

or he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Harmon*, 2009 WL 880024 at *5 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). Plaintiff has failed to allege he was a member of a protected class or he was treated differently from others similarly situated. Therefore, Plaintiff fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff's claims under the Fourteenth Amendment will be dismissed because he has not stated a due process violation and has not sufficiently asserted a claim under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also failed to state a claim upon which relief can be granted under the First and Fourth Amendments. Thus, Plaintiff's § 1983 claims will be dismissed for failure to state a claim upon which relief can be granted.[8]

### 4. Negligence Claims

Plaintiff asserts a negligence claims against Defendant City of La Grange for failure to place a stop sign or yield sign at the end of Poage Street, failure to widen the intersection to the thirty feet allegedly required by law, and failure to clean off loose gravel which washes into the intersection when it rains. Defendant City of La Grange asserts Plaintiff's claims are barred by sovereign immunity.[9]

Missouri Revised Statute § 537.600 provides for sovereign or governmental tort

---

[8] Defendants assert Plaintiff's constitutional claims should also be dismissed because Plaintiff fails to allege Officer Davis directly participated in a deprivation of Plaintiff's constitutional rights, and Plaintiff failed to allege any violations were the result of an unconstitutional policy or custom of the city. The Court need not address these arguments because Plaintiff's claims will be dismissed for the reasons stated *supra*.

[9] All of the La Grange Defendants assert they are entitled to sovereign immunity for all of Plaintiff's state tort law claims. The Court reads Plaintiff's complaint to only assert a state tort law claim against the City of La Grange and not against the individual defendants.

immunity with two exceptions.[10] Immunity is expressly waived for injuries directly resulting from negligent acts or omissions by public employees arising out of the operation of vehicles in the course of their employment and injuries caused by the dangerous condition of a public entity's property. Mo. Rev. Stat. § 537.600.1. Plaintiff must plead with specificity the facts showing his claim falls within one of the two exceptions. *Parish v. Novus Equities Co.*, 231 S.W.3d 236, 241-42 (Mo. Ct. App. 2007). As there are no allegations of a defendant or employee of a defendant driving a vehicle negligently, Plaintiff's claims do not fall into the first exception. Plaintiff's claims may fall into the second exception as it appears Plaintiff is alleging a dangerous condition of public property caused his injuries.

To establish the dangerous condition exception to sovereign immunity, Plaintiff must allege facts showing: (1) the dangerous condition of the property; (2) Plaintiff's injuries directly resulted from the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of harm of the kind Plaintiff incurred; and (4) Defendant City of La Grange had actual or constructive notice of the dangerous condition with sufficient time to have taken measures to correct the dangerous condition. Mo. Rev. Stat. § 537.600.1(2); *Hensley v. Jackson County*, 227 S.W.3d 491, 496 (Mo. 2007); *Trumbo v. Met. St. Louis Sewer Dist.*, 877 S.W.2d 198, 201 (Mo. Ct. App. 1994). A dangerous condition exists when there is a physical deficiency in the property. *Kraus v. Hy-Vee, Inc.*, 147 S.W.3d 907, 915 (Mo. Ct. App. 2004) (citing *Alexander v. State*, 756 S.W.2d 539, 542 (Mo. banc 1988). It may arise from "a general failure to post adequate signing or traffic controls." *Id.* (quoting *United Mo. Bank v. City of Grandview*, 105 S.W.3d 890, 902 (Mo. Ct. App. 2003)).

It is possible for Defendant City of La Grange to be liable for negligence for failure to

---

[10] A municipal corporation is a public entity entitled to sovereign immunity. *State ex rel. City of Marston v. Mann*, 921 S.W.2d 100, 102 (Mo. Ct. App. 1996).

post proper traffic signs; however, in this case, Plaintiff fails to allege facts sufficient to allege a dangerous condition. Plaintiff makes conclusory statements the intersection of Fourth Street and Poage Street is dangerous without providing any support for his allegation beyond the lack of traffic signs. In similar cases, Missouri courts have found allegations relating only to the volume of pedestrian and vehicle traffic of an intersection insufficient to allege a dangerous condition for failure to post a traffic sign. *Hedayati v. Helton*, 860 S.W.2d 795 (Mo. Ct. App. 1993); *see also Johnson v. City of Springfield*, 817 S.W.2d 611 (Mo. Ct. App. 1991). Here, Plaintiff failed to allege any facts to support his contention the intersection is dangerous. Without more than a lack of traffic signs, Plaintiff's claims fail to fall into an exception and are barred by sovereign immunity.[11]

Plaintiff fails to allege facts sufficient for any of his claims against the La Grange Defendants. Accordingly, his petition against Defendants City of La Grange, McNelly, Davis, and Curl will be dismissed pursuant to FRCP 12(b)(6).[12]

### B. *Defendant Flanagan's Motion to Dismiss*

Defendant Flanagan requests the Court dismiss Plaintiff's claim against her pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted [ECF No. 18]. Defendant Flanagan states it appears Plaintiff's petition makes a claim of negligence against her. Defendant Flanagan contends Plaintiff's Petition fails because Plaintiff does not allege facts in support of each element of negligence. Specifically Plaintiff fails to allege facts that Defendant Flanagan's breach of duty was the proximate cause of Plaintiff's injuries and Plaintiff failed to

---

[11] Defendants argue Plaintiff fails to allege his injuries were the proximate cause of the dangerous condition of the intersection. It is not necessary for the Court to decide if Plaintiff has sufficiently pled proximate cause when Plaintiff has failed to sufficiently allege a dangerous condition.

[12] As all of Plaintiff's claims will be dismissed, it is not necessary for the Court to analyze Defendants' Motion to Dismiss regarding punitive damages or availability of injunctive relief.

allege he was damaged as a result of the breach.

Plaintiff's complaint alleges the following facts: Defendant Flanagan "failed to stop at the intersection of a through street in order to prevent the accident in violation of State law," Defendant Flanagan "made a left turn in front of oncoming traffic from a side onto a through street in violation of State law," Defendant Flanagan "did fail to yield to oncoming traffic in violation of State law," and Defendant Flanagan "did fail to use turn signal in making a left turn in violation of State law."

To state a claim for negligence, Plaintiff "must plead facts supporting each of the following elements: (1) the defendant had a duty to protect the plaintiff from injury; (2) the defendant breached that duty; and (3) the breach was the proximate cause of plaintiff's injury." *Whipple v. Allen*, 324 S.W.3d 447, 451 (Mo. Ct. App. 2010) (citing *Stein v. Novus Equities Co.*, 284 S.W.3d 597, 604-05 (Mo. Ct. App. 2009)). Plaintiff has failed to plead facts supporting the final element because Plaintiff has not alleged any injury. Plaintiff's negligence claim against Defendant Flanagan will be dismissed without prejudice for failure to state a claim.

### C.  *Defendant Progressive's Motion to Dismiss*

Defendant Progressive asserts Plaintiff's claim against it must be dismissed because an injured party cannot proceed against an insurance company providing liability coverage for the insured who allegedly caused the harm [ECF No. 8]. Defendant Progressive states it is the insurer for Defendant Flanagan. Plaintiff's claim is Defendant Progressive "did willfully refuse to pay for damages to Plaintiff's vehicle."

"The general rule is that an injured party cannot proceed in a direct action against an insurance company providing liability coverage for an insured who allegedly caused the harm sustained by the claimant." *Grisamore v. State Farm Mut. Auto. Ins. Co.*, 302 S.W.3d 570, 575

(Mo. Ct. App. 2010) (citing *Desmond v. Am. Ins. Co.*, 786 S.W.2d 144, 145 (Mo. Ct. App. 1989)).[13] As Plaintiff has not asserted any other claims against Defendant Progressive besides a refusal to pay for damages to Plaintiff's vehicle, Plaintiff has failed to state a claim against Defendant Progressive upon which relief can be granted and Plaintiff's claim will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of La Grange, Dale McNelly, Jeff Curl, and Josh Davis's Motion to Dismiss Plaintiff's Petition [ECF No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Jerry Brandt's claims of violations of Fourth and Fourteenth Amendments, and Plaintiff's negligence claim against Defendants City of La Grange, Dale McNelly, Jeff Curl, and Josh Davis shall be **DISMISSED, without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Jerry Brandt's remaining claims against Defendants City of La Grange, Dale McNelly, Jeff Curl, and Josh Davis shall be **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that Defendant Julie K. Flanagan's Motion to Dismiss [ECF No. 18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Jerry Brandt's claim against Defendant Julie K. Flanagan shall be **DISMISSED, without prejudice**.

**IT IS FURTHER ORDERED** that Defendant Progressive Casualty Insurance Company's Motion to Dismiss [ECF No. 8] is **GRANTED.**

---

[13] The exception to this rule is the right of a third party to sue an insurance company for negligent misrepresentation which is not at issue in this case. *Grisamore*, 306 S.W.3d at 574.

**IT IS FURTHER ORDERED** that Plaintiff Jerry Brandt's claim against Defendant Progressive Casualty Insurance Company shall be **DISMISSED, with prejudice**.

Dated this 7th day of April, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE